372

RAYMOND et al. v. HECHT CO.

Civil Action No. 14367.

District Court of the United States for the District of Columbia.

June 17, 1943.

Alvin L. Newmyer, David G. Bress, and Rolland G. Lamensdorf, all of Washington, D. C., for plaintiff.

Simon, Koenigsberger & Young, of Washington, D. C., for defendant.

PINE, Justice.

This is an action for damages growing out of personal injuries allegedly sustained by the infant plaintiff, and expenses incurred by the adult plaintiff, his mother, as a result of the injuries to the infant plaintiff and for loss of his services and earnings.

The complaint, as amended, alleges that the infant plaintiff was a pedestrian upon the sidewalk adjacent to the premises of defendant at a time when an employee of defendant, acting in the scope of his employment, was engaged in moving a hand-operated stock wagon from the sidewalk to the defendant's premises; that the employee, not being furnished with any assistance by defendant, and being unable to move the wagon without assistance, requested the infant plaintiff to assist him, and while the infant plaintiff was close to the truck, without exerting any force or pressure thereon, defendant's employee negligently pushed and turned the wagon, causing it to run over the infant plaintiff's right foot. By deposition, the infant plaintiff has testified that, as he was walking back to his place of employment, an employee of defendant asked the infant plaintiff to help him take a truck down the steps; that the infant plaintiff agreed to help him, and that while he was in back of the truck the employee of defendant turned the truck and pushed it over his foot; that at the time he had hold of the back portion of the truck; that he had not started taking the truck down the steps and had not picked it up; that he was going to push it down the steps, but had not pushed it at all.

Defendant moves for a summary judgment on the ground, first, that the pleadings and deposition of the infant plaintiff disclose, as a matter of law, that such injuries as were received by him resulted from the negligence of a fellow-servant; second, that they disclose that the infant plaintiff was a mere volunteer; and third, that if he be considered a servant of defendant, his remedy would be governed exclusively by the Workmen's Compensation Act, D.C.Code 1940, §§ 36—501, 36—502, 33 U.S.C.A. § 901 note, Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and this action against defendant would not lie.

Defendant argues that if the infant plaintiff be considered a servant, he cannot recover because his injuries were caused by the negligence of a fellow-servant; that if he be considered a volunteer, he cannot recover because the defendant was not guilty of wilful or wanton conduct; and that he cannot recover under the Workmen's Compensation Act, if a servant, because claim has not been filed within the statutory period. In other words, defendant contends it is not answerable, under any hypothesis, for its negligence causing serious and permanent injuries to the infant plaintiff who made the mistake of lending a helping hand to defendant's employee who needed it in the conduct of defendant's business.

A summary judgment may be rendered if the pleadings, depositions, etc., show that there is no genuine issue as to any material fact, and that the moving party

is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A. While the above-stated summary of the pleadings and deposition of the infant plaintiff show an agreement on his part to render assistance to the employee of defendant, they do not show that he carried out his agreement or that he had actually performed any service for defendant; and I cannot subscribe to the view that, by such conduct, he acquired the status of a servant or volunteer. The authorities relied on by defendant do not support such contention. The amended answer of defendant sets up the defense that the infant plaintiff was a mere volunteer, and also the defense that he was injured by a fellow-servant, which comprehend, in my view, the performance of some service. There is, therefore, a genuine issue of fact as to whether he acquired the status of a servant or volunteer.

The motion for summary judgment will therefore be denied, and counsel will prepare an appropriate order. No specification of material facts which exist without substantial controversy as contemplated by Rule 56(d), F.R.C.P., is practicable in this case.